# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 2, 2020    Decided April 21, 2020

No. 18-5370

NICHOLAS S. STEWART, CAPTAIN, UNITED STATES MARINE CORPS,
APPELLANT

v.

JAMES E. MCPHERSON, ACTING SECRETARY OF THE NAVY, IN HIS OFFICIAL CAPACITY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-00479)

*Charles W. Gittins* argued the cause and filed the briefs for appellant.

*Dana Kaersvang*, Attorney, U.S. Department of Justice, argued the cause for appellee. With her on the brief were *Jessie K. Liu*, U.S. Attorney, and *Abby C. Wright*, Attorney. *R. Craig Lawrence* and *Marsha W. Yee*, Assistant U.S. Attorneys, entered appearances.

Before: TATEL and PILLARD, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed PER CURIAM.

In this case, Marine Corps Officer Nicholas Stewart challenges the Navy Secretary's refusal to grant him a waiver of statutory requirements that govern his eligibility for incentive pay as "arbitrary, capricious, . . . or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Aviation career incentive pay (ACIP) is a monthly cash benefit given to certain armed servicemembers who regularly fly aircraft as part of their official duties. *See* 37 U.S.C. § 301a. As relevant here, to be entitled to ACIP, servicemembers must be assigned flight duties for eight of the first twelve years of their careers, a requirement the parties refer to as a "flight gate." By statute, the Secretary may waive the flight gate "[f]or the needs of the Service" "so long as the officer has performed" flight duties "for not less than 6 years." *Id.* § 301a(a)(5). A Navy regulation, SECNAV Instruction 7220.87, further provides that the Secretary is "authorized . . . to waive ACIP flight gate requirements for aviators who are unable to meet their gates due to reasons beyond their control." SECNAV Instruction 7220.87(4) (July 13, 2009), Joint Appendix (J.A.) 74. That regulation also sets forth a waiver-request process: officers "submit their requests via their chain of command," and if the chain of command "endorse[s]" the request, it forwards the officer's waiver "package" to the Assistant Secretary of the Navy, who in turn "review[s]" the package "for content, validity, and rationale," and "forward[s]" it to the Secretary "with a recommendation to approve, disapprove, or . . . return[] to [the] . . . Marine Corps for further action." *Id.* at 7220.87(5)(b)–(e), J.A. 75–76.

Stewart, who had accrued six years and fifteen days of flight-duty time when he reached his twelve-year service mark, sought a flight-gate waiver from the Secretary pursuant to Instruction 7220.87. His chain of command supported the

request, noting that, during Stewart's twelve years of service, he had been incarcerated or on appellate leave for approximately thirty-one months due to a court-martial conviction that was later set aside. It forwarded Stewart's package to the Assistant Secretary, who, finding the request "within norms and appropriate," forwarded it to the Secretary. Action Memo from Juan M. Garcia, Assistant Secretary of the Navy, Manpower and Reserve Affairs, to Secretary of the Navy (Sept. 1, 2014), J.A. 45. The Secretary denied Stewart's request, offering no reason for his decision. *See* Letter from Ray Mabus, Secretary of the Navy, to Deputy Commandant for Manpower and Reserve Affairs (Feb. 13, 2015), J.A. 42.

Stewart challenged the unexplained denial in the district court, which agreed that the Secretary's failure to explain was arbitrary and capricious and remanded the denial to the Secretary "for further consideration and clarification." *Stewart v. Stackley*, 251 F. Supp. 3d 138, 141 (D.D.C. 2017). In response, the Secretary adhered to the initial decision, finding that "a waiver does not meet the needs of the service" because (1) Stewart "barely meets the statutory 6-year minimum for eligibility," (2) he "has been consistently ranked in the bottom two-thirds of his peer group," and (3) his "reviewing officers have evaluated him as performing better than only about 18% of his peers." Letter from Richard V. Spencer, Secretary of the Navy, to Deputy Commandant for Manpower and Reserve Affairs (Dec. 19, 2017), J.A. 31–32. The Secretary rejected the notion that Stewart would have met the flight gate if not for his criminal case, noting that Stewart was out of "flight status" before his unlawful conviction and again after its reversal. *Id.*, J.A. 32.

Returning to the district court, Stewart argued that the Secretary's denial violated Instruction 7220.87 and that it was substantively arbitrary and capricious. *See Stewart v. Spencer*,

344 F. Supp. 3d 147, 154–58 (D.D.C. 2018). The district court rejected Stewart's claims and entered summary judgment in the Secretary's favor. As to Stewart's procedural claim, the district court concluded that none of the Secretary's actions violated Instruction 7220.87 and, in the alternative, that Stewart failed to demonstrate prejudice from any alleged procedural violation. *Id.* at 155. As to his substantive claims, the district court found that the Secretary's decision "was accompanied by a 'reasoned evaluation of the relevant information,'" *id.* at 156 (quoting *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 385 (1989)), and, further, that "it [was] reasonable for the Secretary to have relied on [Stewart's personnel records]" in denying the waiver, *id.* at 158.

Stewart now appeals. "We review the district court's decision to grant summary judgment de novo." *Aera Energy LLC v. Salazar*, 642 F.3d 212, 218 (D.C. Cir. 2011). As Stewart acknowledges, our review of the Secretary's actions is "'unusually deferential.'" Appellant's Br. 9–10 (quoting *Kreis v. Secretary of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989)).

As an initial matter, the government argues that Stewart's challenge to the waiver denial is unreviewable. *See Kreis*, 866 F.2d at 1515 (finding Air Force servicemember's retroactive-promotion claim "nonjusticiable"). We need not address this argument insofar as it applies to the substance of the denial, however, because Stewart has made clear he has abandoned his substantive challenge. Specifically, in his appellate briefs, Stewart consistently characterizes his claim as procedural, including in response to the government's argument that the waiver denial was "'committed to agency discretion by law.'" Appellee's Br. 19 (quoting 5 U.S.C. § 701(a)(2)). At oral argument, moreover, Stewart's counsel confirmed that the sole relief he seeks is to have the waiver-request process "done

right . . . in compliance with the regulation," not for the court to find that the denial was inconsistent with the service's needs. Oral Arg. Rec. 23:25–30.

Stewart's sole remaining claim on appeal, then, is procedural. At oral argument, the government conceded that the question whether the Secretary complied with the process outlined in the applicable regulation is judicially reviewable. *See id.* 21:29–32 ("[C]ompliance with the regulation is reviewable."). We may accept the concession because, contrary to the government's brief, *see* Appellee's Br. 19 (referring to "these barriers to jurisdiction"), this question of reviewability is not jurisdictional, *see Sierra Club v. Jackson*, 648 F.3d 848, 854 (D.C. Cir. 2011) ("[A] complaint seeking review of agency action 'committed to agency discretion by law,' 5 U.S.C. § 701(a)(2), has failed to state a claim under the [Administrative Procedure Act], and therefore should be dismissed under Rule 12(b)(6), not under the jurisdictional provision of Rule 12(b)(1).").

We therefore proceed to the merits of Stewart's procedural claim. Stewart argues that, on remand, Instruction 7220.87 required the Secretary to obtain fresh endorsements from Stewart's chain of command. We disagree. Nothing in the regulation obligates the Secretary to seek updated endorsements, and Stewart concedes that the Secretary "full[y] compli[ed]" with the regulation when Stewart's waiver package was initially compiled, Reply Br. 7. In the "absence of any specific [judicial] command," moreover, agencies are "generally free to determine in [their] discretion whether to accept additional evidence" on remand. *Butte County v. Chaudhuri*, 887 F.3d 501, 505 (D.C. Cir. 2018); *see id.* 505–06 (affirming Secretary of Interior's decision to reopen informal adjudication record). In this case, the district court's remand order contained no requirement that the Secretary obtain new

endorsements, and Stewart gives us no reason to conclude that the Secretary abused his discretion by relying on the old endorsements or by considering Stewart's performance data.

To be sure, as Stewart points out, by the time of the remand, the signatory to the initial waiver denial, then-Secretary Ray Mabus, "had moved on from his Government service." Reply Br. 12. But, contrary to Stewart's argument, the remand order directed "the Secretary," not Mabus personally, to provide "further consideration and clarification." *Stewart*, 251 F. Supp. 3d at 141.

For the foregoing reasons, we affirm the district court's grant of summary judgment to the Secretary.

*So ordered.*